ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 Appellant lays much stress in oral argument and motion for rehearing upon the fact that he had no attorney to represent him upon his trial. Attention was called in the original opinion to the fact that this matter was not presented by any bill of exceptions, nor was it properly before the court for consideration. Had it been in such condition, however, under the showing made this court would not have reversed the case. ¥e presume fairness in the action of the officers of the court, such as attorneys are, until the opposite is made to appear. Our inference from all that appears in the record before us on the subject, would be that the fault, if any, in the failure to have attorneys to represent him, was due to negligence of appellant in not perfecting some arrangement beforehand, or complying with an agreement already made in order that he might have an attorney to represent him through his trial. Again, it is not shown but that all the witnesses in his behalf were present and gave testimony before the jury fully as to all matters favorable to his defense. Nor is it shown that there.was any error committed on the part of the court which could have been corrected or better prepared for presentation on appeal.
 

 Appellant urgently argues that the State witness Patton was an accomplice. This matter was fully discussed in the opinion, and we do not see how we can make it plainer by discussion now, that the officer who merely took into his possession from the accused the money intended by the latter as a bribe, the officer at the time having no sort of intent of complying with the request of appellant, or of receiving the money as an inducement to do the thing which appellant wanted him to illegally do, — was not the acceptance of a bribe in law, and does not present such situation as would even call for
 
 *502
 
 the submission to the jury in the charge of the question as to whether the officer was an accomplice. Nothing in the testimony of the appellant suggested the idea of the officer being- an accomplice, because the appellant denies the whole transaction. Nothing in the testimony of the officer suggested that he was an accomplice, because it is perfectly plain that he merely took into his possession the money offered by appellant, without any intent at all of compliance with the proposition announced by appellant in the oiler or payment of the money as a bribe. The mere fact that in bis testimony the officer referred to it as a bribe, would not make it such in law.
 

 Being unable to agree with appellant’s contention, the motion for rehearing will be overruled.
 

 Overruled.